TUCKER *v.* TUCKER.

SPECIFIC PERFORMANCE—EVIDENCE—DECREE.

On a bill for specific performance of a contract, by which complainant was to have a farm for supporting its owner, defendants' ancestor, evidence examined, and *held,* that a decree dismissing the bill but securing to complainant the benefit of defendants' offer in open court to give him a life lease of the premises was proper.

Appeal from Van Buren; Carr, J.   Submitted January 31, 1906.   (Docket No. 75.)   Decided March 27, 1906.

Bill by Luther W. Tucker against Daniel R. Tucker and others for the specific performance of a land contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*Thomas J. Cavanaugh,* for complainant.

*Barnard & Lewis,* for defendants.

OSTRANDER, J.   Complainant claims to have moved upon the farm of Daniel H. Reynolds in the year 1880, under a parol agreement that he should have the farm for taking care of said Reynolds and his wife during their lives.   Daniel H. Reynolds was at the time of making the alleged agreement 78, and his wife was 76, years of age, and complainant's wife was their only child and heir at law.   Daniel H. Reynolds lived for about 2 years, and his wife for about 6 years, thereafter.   Complainant's wife died in 1898 intestate.   Defendants are children of complainant and his said wife.   They in open court offered to give to complainant a life lease of the premises, and the decree dismissing the bill secures to complainant such estate.

It will not be profitable to review the testimony. Giving proper weight to the fact that the wife of the complainant was only child and heir at law of the owners of the land, we are satisfied that the decree is right, and it is affirmed.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.